**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARK K. HUFF,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY BOOHER, *et al.*<br><br>Defendants. | CIVIL ACTION NO. 3:24-CV-01000<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a complaint and motion to proceed *in forma pauperis* filed by Plaintiff Clark K Huff ("Huff"), an inmate currently housed in the State Correctional Institution Benner Township ("SCI-Benner Township) in Bellefonte, Pennsylvania. (Doc. 1; Doc. 5). The Court will grant Huff's motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), dismiss the complaint, and grant Huff leave to file an amended complaint curing the pleading defects identified below.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 17, 2024, the Court received and docketed Huff's complaint naming the following four defendants: (1) Bradley Booher ("Booher"), Superintendent at SCI-Benner Township; (2) Tiffany Sottile ("Sottile"), Certified Nurse Practitioner; (3) Dr. Jacqueline Howard ("Howard"), Medical Director/Doctor; and (4) WellPath Medical, Medical Care Provider/Contractor at SCI-Benner Township. (Doc. 1). On June 18, 2024, the Court entered an administrative order requiring Huff to pay the requisite filing fee or file a motion to proceed *in forma pauperis*. (Doc. 4). On June 27, 2024, the Court received and docketed a motion to

proceed *in forma pauperis* and a certified prisoner trust fund account statement. (Doc. 5; Doc. 6).

In the complaint, Huff alleges that on February 26, 2023, he was seen by Defendant Sottile for a large boil on his inner thigh. (Doc. 1, at 4). He alleges that he Defendant Sottile prescribed him Amoxicillin for ten days to treat the infection and instructed him to return if it got worse. (Doc. 1, at 4). He further alleges that a non-party medical provider, Dr. Phillips, told him it was Epididmytis and "if it were to rupture and go into my blood stream it could actually kill me." (Doc. 1, at 4). He alleges that Dr. Phillips said "it should have been treated immediately." (Doc. 1, at 4). Plaintiff alleges that Defendant Sottile was deliberate indifferent in her February 26, 2023 treatment of the boil. (Doc. 1, at 4). He then alleges that Defendants Sottile and Howard disregarded his surgeon's prescription plan and "[t]he medical department removed this wound vac several times against De. Phillips's orders only to re-apply it after my next visit with her." (Doc. 1, at 4). Huff then states that "[t]his caused me extreme pain and suffering by prolonging my wound treatment and causing further infection." (Doc. 1, at 4). Based on the above facts, Huff brough an Eighth Amendment deliberate indifference claim against the four defendants. (Doc. 1, at 5).

## II. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with

respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Huff is a prisoner suing governmental employees and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S.

at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also* *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of

action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. CLAIMS AGAINST SUPERVISOR WILL BE DISMISSED

Huff named the Superintendent at SCI-Benner Township, Booher, as a defendant in this action. (Doc. 1, at 2). However, Huff failed to assert facts that establish any personal involvement in any of the alleged violations. (Doc. 1, at 4).

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a Section 1983

claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct. *See Rode*, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d 1208.

Turning to Huff's complaint, there are no factual allegations against Defendant Booher. (Doc. 1, at 4). Liberally construing the complaint, the Court concludes that Huff seeks to hold Defendant Booher liable based solely on his supervisory position. As discussed above liability "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho*, 423 F.3d 353. Therefore, all claims against Defendant Booher will be dismissed without prejudice.

B. CLAIMS AGAINST WELLPATH WILL BE DISMISSED

Similarly, Huff names WellPath as a defendant in this action, but fails to provide any factual allegations against it.

It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted). The Supreme Court has held that, while municipal bodies may not be sued solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Likewise, a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Accordingly, to state a viable § 1983 claim against WellPath, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583). The policy, custom, or practice of WellPath were not addressed anywhere in the complaint. Therefore, the company lacks personal involvement and there are no allegations consistent with the requirements in *Natale*. As such, all claims against WellPath will be dismissed without prejudice.

C. EIGHTH AMENDMENT CLAIMS WILL BE DISMISSED

Unlike Defendants Booher and WellPath, Huff has named Defendants Sottile and Howard in the alleged facts. (Doc. 1, at 4). However, Huff has failed to state an Eighth Amendment claim against these defendants.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle*, 429 U.S. at 104–05. To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Bennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)). Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

Based on the alleged facts, Huff is not alleging failure to treat, but medical malpractice. Huff alleges that Defendant Sottile treated his infection with anti-biotics in February of 2023 and both Defendants Sottile and Howard removed the wound vac following surgery. (Doc. 1, at 4). He alleges that this was not adequate treatment or was incorrect treatment. (Doc. 1, at 4). Pursuant to *White* and *Monmouth Cty. Corr. Inst'l Inmates*, these allegations of medical malpractice are insufficient to rise to the level of an Eighth Amendment violation. Therefore, Huff has failed to state a claim upon which relief may be granted. As such, the court will dismiss the Eighth Amendment claims without prejudice.

D. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 108; *Shane v. Fauver*, 213 F.3d 113,

116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute).

Despite Huff not requesting leave to amend the complaint. The Court will grant Huff the opportunity to file an amended complaint curing the defects set forth above.

## IV. CONCLUSION

The Court will grant Huff's motion to proceed *in forma pauperis*. Since Huff's complaint fails to state a claim upon which relief may be granted, it will be dismissed, and Huff will be granted an opportunity to amend the complaint. An appropriate order follows.

**Dated: July 10, 2024**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**