UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Clark K. HUFF,                : Civ. Action No. 3:24-CV-01000
       Plaintiff,
                              : Mehalchick, J.
        v.
                              :
Tiffany Sottile (CNP),
Dr. Jacqueline Howard (MD),   :
WellPath Medical Care/Provider,
       Defendants,            AMENDED CIVIL ACTION

Authority: 28 USC sec. 1983, Judge Karoline Mehalchick
July 10, 2024 order to amend civil complaint.

## Parties

1. Clark K. Huff an adult inmate is the moving party in above titled action.
2. Tiffany Sottile the defendant a certified Nurse Practioner employed at SCI Benner responsible for inmate medical care, at all times relevant acted outside the scope of her employment and is sued in her individual capacity, acting under color of state law.
3. Dr. Jacqueline Howard, the defendant is responsible for inmate care medically and is alleged to have acted outside her scope of medical employment, at all times relevant acting under color of state law.

FILED SCRANTON JUL 29 2024 Per ___ DEPUTY CLERK

4. WellPath Medical Care Provider the defendant is a contracted medical institution responsible for supervision of medical staff, is alleged to have acted outside scope of its employment and at all relevant times acted under color of law.

## Allegations of Facts

5. On or about Feb, 2023 plaintiff experienced pain in his scrotum area, upon his review he discovered a large lump.

6. On Feb, 26, 2023 plaintiff sent a sick call slip to medical; earlier and defendant Tiffany prescribed antibiotics for ten (10) days.

7. On Feb 28, 2023 plaintiff experienced servere pain, so servere he could barely walk. Plaintiff went to medical dept, then a nurse Linda saw plaintiff's condition so deteriorated, she sent plaintiff to Mount Nittany hospital for medical treatment and testing.

8. A Cat Scan was conducted on plaintiff, which revealed an abcess containing Gangrane. (Gangrene)

9. Gangrene; is local death of soft tissues due to loss of blood supply. Merriam-Webster's Medical Dictionary (2016)

10. The plaintiff was rushed to emergency surgery two (2) hours after initial examination.

11. The surgeon Dr. Phillips informed the plaintiff if he'd delayed seeking medical attention any longer the infection would of spread and resulted in death.

12. Plaintiff spent eight days in the hospital, Dr. Phillips instructed plaintiff not to remove the wound rap vacum, that it would heal properly, being plaintiff is diabetic.

13. On 3-8-23 plaintiff was released to prison medical Dept., to recover from surgical procedure.

14. During plaintiff's recovery in prison infirmary Dr. Howard on at least three occasions removed the wound vacum rap, once for 3 days against Dr. Phillips order to remove it only for showering.

15. The plaintiff's stay in the infirmary lasted 36 days because Dr. Howard failed to comply with Dr. Phillips's instructions.

16. After plaintiff's release from prison medical, a follow up from wound clinic, staff ask plaintiff why the wound vacum was removed, plaintiff said Dr. Howard removed it.

17. Defendant Tiffany denied plaintiff antibiotics which further delayed healing of the wound, causing plaintiff severe pain, foul smelling pus, that lead to antibiotics being reintroduced.

18. Dr. Howard's failure to comply with Dr. Phillips treatment instructions, delayed plaintiff's healing process, and is alleged to cause plaintiff pain and suffering, in violation of Doctor's medical oath to do no harm, resulting in cruel and unusual punishment.

19. Defendant Howard is alleged to be proximate cause of plaintiff's injurys.

20. Defendant Tiffany is allege to be proximate cause to plaintiff's injury, by ending antibiotics, then after condition worsened, she restarted the treatments.

21. Defendant WellPath Medical care, failed to properly supervise, train capable staff to avoid plaintiff physical and mental injuries resulting in cruel and unusual punishment, which is alleged to violate plaintiffs' eighth Amendment rights.

22. Each defendant is allege to acted outside the scope of their employment.

23. The plaintiff has exhausted his administrative remedies.

Legal Claim

24. Estelle v. Gamble, 429 U.S. 1066, 97 S.Ct 798 (1976) Plaintiff incorporates by reference section IV, V. VI Relief in the original section 1983

25. The plaintiff avers this Amendment is presented to the best of his knowledge under the penalties of perjury concerning written statements.

Date: July 23, 2024

_CKHuff_
Clark K. Hoff
MG1384

Proof of Service

Clark K. Huff - MG1384
SCI - Benner Twp
301 Institution Drive
Bellefonte, PA 16823

"Legal Mail"

JOHNSTOWN, PA 159
INMATE MAIL
PA DPT OF
CORRECTIONS

US POSTAGE PITNEY BOWES
$ 000.69°
ZIP 16823
02 4W
0000376203 JUL 23 2024

Scranton Clerk's Office
William J. Nealon - U.S. Courthouse
Po Box 1148
235 North Washington Avenue
Scranton, PA 18501

RECEIVED
SCRANTON
JUL 29 2024
PER _____
DEPUTY CLERK

Please Respond to:
Clark K. Huff - MG1384
SCI - Benner Twp.
301 Institution Drive
Bellefonte, PA 16823

Address as "Legal Mail"
and include Control #

Thank You