UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK K. HUFF,<br><br>           Plaintiff<br><br>   v.<br><br>BRADLEY BOOHER, *et al.*<br><br>           Defendants. | CIVIL ACTION NO. 3:24-CV-01000<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is an amended complaint filed by Plaintiff Clark K Huff ("Huff"), an inmate currently housed in the State Correctional Institution Benner Township ("SCI-Benner Township) in Bellefonte, Pennsylvania. (Doc. 9). The Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), dismiss the complaint, and close the case.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On June 17, 2024, the Court received and docketed Huff's complaint naming the following four defendants: (1) Bradley Booher ("Booher"), Superintendent at SCI-Benner Township; (2) Tiffany Sottile ("Sottile"), Certified Nurse Practitioner; (3) Dr. Jacqueline Howard ("Howard"), Medical Director/Doctor; and (4) WellPath Medical, Medical Care Provider/Contractor at SCI-Benner Township. (Doc. 1). On June 18, 2024, the Court entered an administrative order requiring Huff to pay the requisite filing fee or file a motion to proceed *in forma pauperis*. (Doc. 4). On June 27, 2024, the Court received and docketed a motion to proceed *in forma pauperis* and a certified prisoner trust fund account statement. (Doc. 5; Doc. 6). On July 10, 2024, the court granted Huff's motion to proceed *in forma pauperis* and screened

the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a). (Doc. 7; Doc. 8). The court dismissed the complaint for failing to state an Eighth Amendment claim against any Defendants and granted Huff leave to amend the complaint. (Doc. 7; Doc. 8).

On July 29, 2024, the Court received and docketed an amended complaint naming only Sottile, Howard, and Wellpath as Defendants. (Doc. 9). In the amended complaint, Huff alleges that on February 26, 2023, he was seen by Defendant Sottile for a large lump on his scrotum. (Doc. 9, at 2). He alleges that Defendant Sottile prescribed him Amoxicillin for ten days. (Doc. 9, at 2). He alleges that on February 28, 2023, Huff experienced severe pain, went to the medical department, and was sent to Mount Nittany Hospital. (Doc. 9, at 2). He states that a CT scan demonstrated that he had an abscess containing Gangrene. (Doc. 9, at 2). Huff states that he was rushed to emergency surgery within two hours of the initial examination. (Doc. 9, at 2). He further alleges that a non-party medical provider, Dr. Phillips, told him any additional delay in seeking medical attention the infection would have spread and resulted in death. (Doc. 9, at 3). Huff alleges that he spent eight days in the hospital and Dr. Phillips instructed him not to remove the wound rap vacuum as it would not heal properly because Huff is a diabetic. (Doc. 9, at 3). Huff states that he was released on March 8, 2023 to the prison medical department to recover from the surgical procedure. (Doc. 9, at 3). During his recovery in the prison, Huff alleges that Dr. Howard on at least three occasions removed the wound rap vacuum, including once for three days against Dr. Phillips' order to remove it only for showering. (Doc. 9, at 3). Huff alleges that his stay in the prison infirmary lasted thirty-six days because Dr. Howard failed to comply with Dr. Phillips' instructions. (Doc. 9, at 3). Huff also states that following his release from prison medical, a follow up from wound clinic staff asked Huff why the wound vacuum was removed, and Huff informed them that Defendant

2

Howard removed it. (Doc. 9, at 3). He further alleges that Defendant Sottile denied him antibiotics, which further delayed healing of the wound causing additional pain and foul smelling pus. (Doc. 9, at 3). Huff states that antibiotics were reintroduced. (Doc. 9, at 3). Based on the above facts, Huff brought an Eighth Amendment deliberate indifference claim against the three defendants. (Doc. 9, at 4).

**II.    STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Huff is a prisoner suing governmental employees and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the

complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

4

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

#### A. EIGHTH AMENDMENT CLAIM WILL BE DISMISSED

Huff has failed to state an Eighth Amendment claim in the amended complaint.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle*, 429 U.S. at 104–05. To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Bennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612

F.2d 754, 762 (3d Cir.1979)). Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

Based on the alleged facts in the amended complaint, Huff is not alleging failure to treat, but medical malpractice. Huff alleges that Defendant Sottile treated his infection with antibiotics in February of 2023 and both Defendant Howard removed the wound vac following surgery. (Doc. 9). He alleges that Defendant WellPath failed to properly supervise and train capable staff. (Doc. 9, at 4). Specifically, he alleges that he received treatment, but this treatment was not adequate or was incorrect. (Doc. 9). Pursuant to *White* and *Monmouth Cty. Corr. Inst'l Inmates*, these allegations of medical malpractice are insufficient to rise to the level of an Eighth Amendment violation. Huff is not asserting a lack of treatment, but a disagreement as to the proper medical treatment. Therefore, Huff has failed to state a claim upon which relief may be granted. As such, the court will dismiss the Eighth Amendment claim.

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 108; *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d

7

360, 373 (3d Cir. 2000); *see also* Ruffin v. Mooney, No. 3:16-CV-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute).

The Court previously granted Huff an opportunity to amend his complaint and cure the defects in his Eighth Amendment claims raised in the initial complaint. (Doc. 7; Doc. 8). In this amended complaint, Huff has failed to cure these defects. Therefore, the Court finds further amendments would be futile and the claims will be dismissed with prejudice.

### IV.   CONCLUSION

The Court will dismiss Huff's amended complaint with prejudice and close the case. An appropriate order follows.

Dated: December 9, 2024                             *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**

8